**SO ORDERED.**

**SIGNED this 23 day of March, 2009.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

DOUGLAS T. HOFF
MELODIE J. HOFF,

    DEBTORS                                     CASE NO. 09-00265-8-JRL
                                                         CHAPTER 13

_____

**ORDER EXCUSING DEBTORS FROM FILING REQUIRED SCHEDULE 'I' AND SETTING ALTERNATIVE DATE FOR DETERMINING CURRENT MONTHLY INCOME**

This matter is before the court on the debtors' motion to excuse the requirement of filing a Schedule I and for setting an alternative date for determining current monthly income. A hearing was held on this matter on March 11, 2009 in Greenville, North Carolina. Creditor, Susan Schneider, objected to excusing the required filing of Schedule I.

Pursuant to 11 U.S.C. §521(a)(1)(B)(ii), unless the court orders otherwise, one of the debtor's duties in a bankruptcy proceeding is to file a schedule of current income and current expenditures (Schedule I). Current monthly income is the average monthly income from all

sources received without regard to whether such income is taxable income, derived during the six-month period ending on the last day of the calendar month immediately preceding the date of the commencement of the case if the debtor files the required schedule of current income; or, the date on which current income is determined by the court if the debtor does not file the schedule of current income. . . . 11 U.S.C. §101(10A)(A)(i)-(ii).

Here, the debtors, in connection with their chapter 13 case, filed various schedules and documents. A Schedule I, however, was not filed. The debtors intentionally refrained from filing Schedule I so that the court, under §101(10A)(A)(ii), could make the determination of what constituted the debtors' current monthly income. The filed Form B22C indicated that, as of the petition date, the debtors earned $10,872.00 monthly. The debtors' current income projected by Form B22C was reached by calculating the average income received in the six month period preceding the petition, ending on December 31, 2008. The debtors now assert that this amount is significantly higher than their actual income.

At the hearing, Mr. Hoff, the male debtor, testified that his educational background included both a Bachelor of Arts degree and Masters degree. Previously, the debtor was employed as a Branch Manager with East Carolina Bank. However, during the six month period preceding the filed petition he was employed by Gateway Bank as a commercial lender. While at Gateway, Mr. Hoff's annually salary was approximately $87,000.00. Mr. Hoff further asserted that he is no longer employed with Gateway. On December 10, 2008, Mr. Hoff was let go without severance during a series of company layoffs. It was established that Mr. Hoff is actively seeking employment and is currently taking classes that will enable him to sell insurance. Mr. Hoff decided to pursue an insurance license so that he could broaden his job

2

search beyond the banking industry if necessary. Mrs. Hoff, the female debtor, is a massage therapist who's work is seasonal and often dependent on the tourism industry. She too is currently unemployed. Currently, the debtors sole source of income is a combined total of $720.00 in unemployment. This fact was contested by Schneider as an inaccuracy in that it did not account for the sole proprietorship business income of Mr. Hoff, d/b/a Douglas Hoff Photography. The debtor asserted that his photography was a hobby, and while he had generated $1,700.00 from the sale of certain pictures the expenditures related to developing those photographs consumed the entire amount.

In February 2009, the Hoffs, along with Mr. Hoff's mother, moved to Naples, Florida. The three currently share an apartment. Rent and utilities are paid for by Mr. Hoff's mother. Mr. Hoff stated that when possible he tries to help pay for groceries. The decision to live with a parent was precipitated by the debtors financial circumstances. Mr. Hoff expressed that living in an apartment with his mother is not an ideal situation, however, he and his wife could not afford to live otherwise. Also, the debtors believed Florida provided better job potential. Mr. Hoff explained that his wife can work more consistently in Florida and there are a greater number of banks in which he can seek employment. Because their financial situation deteriorated significantly preceding the filing of their petition, the debtors assert that just cause exists for the court to determine their current monthly income under 11 U.S.C. §101(10A)(A)(ii).

The interplay between §101(10A) and § 521(a)(1)(B) shows that Congress contemplated instances where a debtor's Schedule I would not accurately reflect the debtor's current monthly income. In re Montgomery, No. 07-51781, 2008 WL 597180, *2 (Bankr. M.D.N.C.). Aptly, Judge Stocks in In re Crink noted that: Such an alternative might be attractive to a debtor in a

chapter 13 case in which the debtor's income dropped significantly during the six months preceding the commencement of the case. No. 08-10824C-7G, 2008 WL 2944652, *2 (Bankr. M.D.N.C.). The current debtors find themselves in that exact scenario. This court is inclined to agree that the present situation is one where §101(10A)(A)(ii) is most appropriate.

Having utilized §101(10A)(A)(ii) previously, this court further recognizes that: If the debtors were forced to use their pre-petition six-month average as their current monthly income [when there is a significant, involuntary decrease in actual income], their plan would not be feasible. . . . In re Ingram, No. 06-02714-8-RDD, 2006 WL 6070518, *1 (Bankr. E.D.N.C.). Feasibility of a plan goes straight to the spirit of the Code. That consideration, along with the language of §101(10A) which anticipates situations where debtors should be exempt from filing Schedule I, presents this court the opportunity to excuse the filing and fix a different date upon which current monthly income is determined.[1]

Section 1325(a)(3) provides that the court shall confirm a plan if the plan has been proposed in good faith and not by any means forbidden by law. A comprehensive definition of good faith is not practical. Broadly speaking, the basic inquiry should be whether or not under the circumstances of the case there has been an abuse of the provisions, purpose, or spirit of [the

---

[1] It has been noted that the flexibility available to the court in fixing dates under §101(10A)(A)(ii) is not unlimited. In re Shelor, No. 08-80738C-13D, 2008 WL 4344894, *3 (Bankr. M.D.N.C.). In the Eastern District of North Carolina, a motion for confirmation is brought by the trustee to begin the confirmation process. The debtor is free to object to the trustee's motion as is any other party in interest. A hearing to begin the confirmation process is held only when an objection has been filed. Other courts, which hold confirmation hearings with more regularity, have proposed to fix the applicable six-month period for determining current monthly income as the six months preceding the date of the hearing so as not to violate 11 U.S.C. §1324. Based on this court's procedure, however, we are more inclined to consider the good faith of the debtor and the totality of the circumstances when determining current monthly income under §101(10A)(A)(ii).

4

Code]. In re Deans, 692 F.2d 968 (4th Cir. 1982). To formulate a plan, the debtor must act in good faith in determining current monthly income. Mr. Hoff has lost his banking job, but he has a college education, experience in the banking industry, is becoming trained as an insurance salesman, and appears to be making good faith efforts to become re-employed. Likewise, Mrs. Hoff is in the process of becoming a licensed massage therapist in Florida and should be licensed on or about April 1, 2009. The debtors have requested the court to select July 1, 2009 as the new date for computation of current monthly income; however, setting the date at July 1 would provide no incentive for the debtors to seek employment.

By choosing May 1, 2009, November and December 2008, when the debtors were receiving income other than unemployment, would be included in the calculation of current monthly income. The court believes this calculation better reflects the debtors' financial situation of present unemployment but with significant education, experience and effort to regain employment. Counsel for Schroeder advocates that the court delay picking a date to compute current monthly income and wait until the debtors are fully employed so as to better reflect the debtors ability to earn income. Such a delay, however, would also delay confirmation of a plan and fail to take into account the debtors actual status of unemployment. Based on the totality of the circumstances and good faith request of the debtors, May 1, 2009 is the date that should be utilized to compute the debtors' current monthly income.

Based on the foregoing, the debtors' motion to excuse the filing of Schedule I is **ALLOWED**. The debtors' current monthly income shall be determined using the six-month period ending on May 1, 2009.

**SO ORDERED**.

**END OF DOCUMENT**